ROYAL HOME EQUIPMENT CO., Inc., a body corporate, and Harleysville Mutual Insurance Co., a body corporate, Appellants,

v.

Alfred M. LUCIAN, Appellee.

No. 2498.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 21, 1959.

Decided Feb. 26, 1960.

Lawrence E. Carr, Jr., Washington, D. C., with whom Michael F. X. Dolan, Washington, D. C., was on the brief, for appellants.

George A. Wilkinson, Washington, D. C., with whom Daniel C. Eberly, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This action arose out of an automobile collision on a two-lane highway in a rural area in Virginia where the speed limit is 55 miles an hour. Appellee, who was unfamiliar with the area, testified he was driving at a speed of 50 miles an hour. As he reached the crest of a hill he saw about 140 feet away appellant's automobile, which had proceeded in the same direction as appellee, moving slowly as if to make a left turn into a driveway. Appellee slowed his speed somewhat, and as he approached closer he observed that the other car was stopped. He then tried to stop but could not and swerved in an attempt to avoid a collision, but his car struck the left rear of the other, with such force that both cars were demolished.

The driver of appellant's automobile testified he was familiar with the neighborhood, that he stopped his car in front of a house where he was to make a collection, that after stopping he started again, made several moves in order "to position" his car to turn left into a very "tight driveway," that the front of his car was over the center line, pointing diagonally toward the driveway and he was moving slowly when struck. He never observed appellee's automobile until the collision occurred.

The trial court, sitting without a jury, denied appellant's claim and granted appellee's counterclaim. Appellant says it was error to find its operator guilty of negligence and appellee free from contributory negligence.

■■ It is our opinion that the evidence presented a question of fact as to whether the acts of the operator of appellant's automobile in stopping and starting in his attempted turn were such as to make dangerous the use of the highway by others, and whether appellee was negligent in his driving both before and after he observed the other car. It is not our duty to demonstrate the correctness of a finding by the trial court on an issue of fact. We may reverse only where such finding is plainly wrong or without evidence to support it. This is not such a case.

Affirmed.