**Lee PALMER and Janice Palmer, Appellants,**

v.

**Willie Mae HENRY, Appellee.**

**No. 2671.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 19, 1960.

Decided Feb. 8, 1961.

Thomas B. Scott, Washington, D. C., for appellants.

King David, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

QUINN, Associate Judge.

Appellants were sued as the makers of a promissory note allegedly given to secure a loan of $400. Among the defenses asserted in the answer were failure of consideration and failure to join an indispensable party. The trial court, sitting without a jury, awarded judgment to appellee and this appeal followed. Of the seven errors assigned, we reach but one, namely, the sufficiency of the evidence to support the finding.

Appellants, husband and wife, operated a funeral parlor. At trial, their testimony was substantially as follows. They signed the note, made payable to appellee and her late husband, Elijah Henry, at the request of the husband. Henry was interested in the welfare of an employee, one John Jones, who suffered from heart trouble, and he approached appellants about providing "a decent burial for John Jones should anything happen." He advanced appellants $400 for this purpose and requested them "to draw a note or a paper writing to Mr. and Mrs. Elijah Henry for the $400.00 and mail it to him so that wife couldn't find out what the real deal was. * * *." On January 9, 1959, Jones died, and appellants contend they applied the $400 which they held toward the funeral expenses in accordance with the agreement, the "total funeral bill for John Jones being $514.00."

Appellee testified that on instructions from her husband she gave the Palmers $350, at which time they "were getting

ready to be set out on the street if they didn't get the money;" that Palmer told her upon receipt of the money that "if anything happened to him she would get one of the [appellants'] two cars." Appellee offered in evidence a paid bill for $240 covering the Jones funeral, and it was received over objection.

We have set forth enough of the testimony to show that the case was mainly factual. Whether the $400 was a loan as appellee contends, or whether it was an advance on a condition subsequent as appellants urge, presented a question for the trier. The court found that it was a loan, and on the record before us it does not appear that such a finding is manifestly wrong, and we will not disturb it.[1] We do not think it necessary to discuss the other points raised. Accordingly, the judgment will be

Affirmed.

1. Nolan v. Werth, 1944, 79 U.S.App.D.C. 33, 142 F.2d 9.