**G. Webber KNIGHT and Federal
Insurance Company, a body
corporate, Appellants,**

**v.**

**Edward SARBOV, a/k/a Edward C. Sarbov,
a/k/a Christos D. Sarbov, t/a Sarbov
Parking Service, Appellee.**

**No. 2831.**

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 2, 1961.

Decided Oct. 20, 1961.

Charles B. Sullivan, Jr., Washington, D.
C., for appellants.

Pierre E. Dostert, Washington, D. C.,
with whom Samuel C. Borzilleri, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate
Judges, and SMITH, Chief Judge of The
Municipal Court for the District of Columbia, sitting by designation.

SMITH, Judge.

This is an appeal from a judgment for appellee, the operator of a parking service, in
an action against him for damages. The
sole issue before us is whether there is sufficient evidence in the record to support the
finding of the trial court.

Appellant Knight's automobile was damaged while parked in a lot operated by appellee. Conceding the existence of a bailment and liability, appellee undertook to
repair the damage in a garage owned and
operated by him. Being dissatisfied with
appellee's attempt to repair the vehicle, appellant Knight arranged with his insurance
company, the corporate appellant, to remove
it to the Parkway Motor Company for additional repairs. This action was brought
to recover the cost of those repairs.

An adjuster for the corporate appellant
testified that his inspection of the vehicle,
after the repairs by appellee, revealed
brushmarks on the front fenders and bumper indicating recent damage in collision
with concrete post walls or curbing; that he
had the car removed to Parkway Motor
Company where the work was completed;
and that in his opinion the cost of additional repairs was reasonable. Appellee testified that his mechanics had properly repaired the vehicle prior to its removal to Parkway.

■ In view of the conflicting testimony, the trial judge sitting without a jury
was confronted with the necessity of determining credibility and weighing the evidence. It is well settled that, under such
circumstances, appellate review is of limited
scope. Code 1951, § 11–772 places the bur-

den of demonstrating that the judgment is plainly wrong or without evidence to support it on those who seek to set it aside.[1]

That burden has not been met by the appellants. Accordingly, the judgment will be

Affirmed.

---

1. See Royal Home Equipment Co. v. Lucian, D.C.Mun.App., 158 A.2d 327; Blitz v. Hobbs, D.C.Mun.App., 160 A.2d 803; Palmer v. Henry, D.C.Mun.App., 167 A.2d 799.