**AIRPORT CAB COMPANY, Appellant,**

v.

**RUCKER LUMBER COMPANY, Inc.,**
Appellee.

No. 2808.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 25, 1961.

Decided Oct. 20, 1961.

Edward J. Gorman, Jr., Washington, D. C., with whom Charles E. Channing, Jr., and Hugh Lynch, Jr., Washington, D. C., were on the brief, for appellant. Marshall E. Miller, Washington, D. C., also entered an appearance for appellant.

Harry L. Ryan, Jr., Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

SMITH, Judge.

This is an appeal from a judgment against Airport Cab Company arising out of a collision between two vehicles on 15th Street between Eye and K Streets, west of McPherson Park. Appellant contends that the trial court erred in failing to find appellee negligent or contributorily negligent as a matter of law.

The accident occurred about 6:30 p. m. Appellee's driver, who had been heading south on 15th Street, testified that he stopped his car midway in the block and three or four feet from the west curb; that after looking in both directions and seeing no cars approaching he proceeded to make a U turn; and that he did not look south again until he reached the center of 15th Street, at which time he observed appellant's taxicab heading north on 15th Street about 20–25 feet away. Appellant's driver testified that he was proceeding north on 15th Street at approximately 20–22 miles per hour in the center lane; that traffic was moving in the southbound lanes; and that he first saw appellee's vehicle when it was 20 feet away. The collision occurred in the lane next to the center of the street on the northbound side.

Ordinarily the determination of negligence or contributory negligence presents a question of fact. Where it is clear from undisputed evidence that, conceding every legitimate inference, but one reasonable conclusion may be drawn, the issue is one of law for the court. Brown v. Clancy, D.C.Mun.App., 43 A.2d 296. Here the trial judge, sitting without a jury as the trier of fact, determined the credibility of the witnesses and the weight to be accorded their testimony. We cannot say that his finding is manifestly wrong or without evidence to support it.[1] Accordingly, the judgment will be

Affirmed.

1. Code 1951, § 11–772. See also Royal Home Equipment Co. v. Lucian, D.C.Mun. App., 158 A.2d 327; Blitz v. Hobbs, D.C. Mun.App., 160 A.2d 803; Palmer v. Henry, D.C.Mun.App., 167 A.2d 799.