**WASHINGTON TENT AND AWNING COMPANY, a corporation, d/b/a Washington Shade and Awning Company, Appellant,**

**v.**

**818 RANCH, INC., a corporation, d/b/a G. J. S. Ranch Restaurant and Lounge, Appellee.**

**No. 4302.**

District of Columbia Court of Appeals.

Argued Sept. 23, 1968.

Decided Nov. 29, 1968.

Donald Cefaratti, Jr., with whom William E. Cumberland, Washington, D. C., was on the brief, for appellant.

George J. Charles, Washington, D. C., for appellee.

Before MYERS, KELLY and KERN, Judges.

MYERS, Associate Judge.

Appellant filed suit for recovery of the contract price for the manufacture and installation of a canopy in front of appellee's restaurant. At trial, over objection by appellant, appellee was permitted to introduce

evidence concerning the existence of a condition precedent to the contract, *i. e.*, the approval by appellee's landlord for the installation of the canopy. The trial judge found that such a condition precedent existed, but that the consent of the landlord had not been obtained. Judgment for appellee was entered, and this appeal ensued.

Appellant argues that the admission of evidence of the condition precedent was barred by the parol evidence rule and that, even if the evidence were admissible, it was insufficient to support a finding that the contract was conditional.

■ The parol evidence rule applies to evidence extrinsic to a written contract which varies, alters, modifies or contradicts that agreement. This rule has no relevance to evidence of a precondition to a written contract showing that the parties did not intend the writing to become operative until the precondition has been met. It has often been stated that parol evidence is admissible to demonstrate that a written instrument, absolute in form, was made upon the oral understanding that it was not to have a binding effect until some condition precedent was met. Gordon v. Miami National Bank, D.C.Cir., (No. 21,507, decided November 7, 1968), citing Pym v. Campbell, 119 Eng.Rep. 903 (Q.B. 1856).[1]

■ Whether a condition precedent actually existed and whether the prerequisite had been met were issues of fact. Although the testimony of the parties was in sharp conflict, the trial judge, as trier of facts, resolved these issues in appellee's favor. As determining the credibility of witnesses and weighing of evidence are not functions of an appellate court, Blitz v. Hobbs, D.C.Mun.App., 160 A.2d 803 (1960), findings of fact based on conflicting evidence taken in open court will not be disturbed unless clearly erroneous. Royal

Home Equipment Co. v. Lucian, D.C.Mun. App., 158 A.2d 327, 328 (1960).[2] We find no error.

Affirmed.

---

1. See also Luther Williams, Jr., Inc. v. Johnson, D.C.App., 229 A.2d 163, 164 (1967); Jess Fisher & Co. v. Darby, D.C.Mun.App., 96 A.2d 270, 38 A.L.R.2d 538 (1953).

2. See also Ansberry v. Harrah, 65 App.D.C. 80, 80 F.2d 381 (1935); Johnson v. Lloyd, D.C.App., 211 A.2d 764, 765 (1965); Cunningham v. Cunningham, D.C.Mun.App., 154 A.2d 124, 125 (1959).