———◆———

Paul Lee Sweeny, Washington, D.C., for appellant.

Harry W. Goldberg, Washington, D.C., for appellee.

Before HOOD, Chief Judge, and MYERS and KERN, Associate Judges.

KERN, Associate Judge:

This is an appeal from a judgment awarding appellee-husband an absolute divorce on the ground of voluntary separation. Appellant-wife had filed a cross-claim for absolute divorce on the ground of constructive desertion by appellee, to wit, that he was guilty of such cruelty as to have justified her withdrawal from the marital abode.

After trial, the court made findings that the parties were married in the District of Columbia in 1939; that one child was born of this marriage who is now an adult; that the wife voluntarily left the parties' home in 1962; that they lived separate and apart from that date; that the husband had not committed any acts of cruelty against the wife or otherwise by his actions contributed to their separation; and that the parties had voluntarily entered into a Property Settlement Agreement at the time of their separation in July, 1962.

Appellant reviews at length and in detail the evidence adduced below and con-

**Sadie W. SPRINGER, Appellant,**

v.

**Roscoe C. SPRINGER, Appellee.**

**No. 4300.**

District of Columbia Court of Appeals.

Argued Oct. 28, 1968.

Decided Jan. 8, 1969.

5. Price v. Wilson, supra note 1.

tends that the trial court incorrectly evaluated such evidence and should have found that she, and not her husband, was the aggrieved party and entitled to the divorce. Our function is limited to reviewing the record and we may disturb the trial court's ultimate findings and conclusions only if they are clearly erroneous or without evidence to support them. See D.C. Code 1967, § 17–305(a); Washington Tent and Awning Co. v. 818 Ranch, Inc., D.C.App., 248 A.2d 126, decided November 29, 1968.

■ We have carefully reviewed the record in this case and we conclude that the trial court's findings are not clearly erroneous and that there is evidence to support them. Accordingly, the judgment below is

Affirmed.