**LEE WASHINGTON, INC., etc., Appellant,**

**v.**

**WASHINGTON MOTOR TRUCK TRANSPORTATION EMPLOYEES HEALTH AND WELFARE TRUST, Appellee.**

**No. 6968.**

District of Columbia Court of Appeals.

Argued Aug. 23, 1973.

Decided Oct. 26, 1973.

Quentin W. Banks, Washington, D. C., for appellant.

John R. Foley, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and KERN and NEBEKER, Associate Judges.

REILLY, Chief Judge:

This is an appeal from a judgment in the amount of $1,371.59 against an employer for breach of a provision contained in a collective bargaining agreement with a local of the Teamster's Union. This provision required payment into a health and welfare trust fund of 22 cents for each hour worked by every employee in a job classification covered by the agreement. During the life of the agreement, no such payments were made.

The principal question presented by this appeal is whether or not the obligations set forth in the written bargaining agreement and a supplementary contract signed by the parties with the trustees of the fund ever became legally effective. The employer in this case is a small trucking and excavation hauling concern, whose president, Lee Washington, at the time these instruments were executed, was desirous of obtaining subcontracts from the general contractors engaged in the construction of a subway for the Washington Metropolitan Area Transit Authority (Metro).

According to Washington's testimony, the union business agent, prior to the signing of the agreements, had informed him that his company could not get work on the subway unless it was unionized. He also testified that he had a verbal understanding with the union representative that unless such subway work was forthcoming, the company would not be bound by the written agreements. As the company was never successful in bidding for subway contracts, its position on appeal is that the oral condition precedent, never having been met, is a defense to the court action, and it assigns as error the contrary findings of the trial court.

On the stand, the union representative denied offering any inducement, or discussing any obligations, beyond those contained in the printed agreements. The

trial court found that Washington had indeed been induced to enter into the union contract by reason of the representation that only signatories could secure Metro work, but that at most, this was merely a "lever" used to unionize the company, and there was no mutual agreement that the contracts would not be binding if the employer's subway bids failed.

■ Although Congress in enacting Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185, conferred jurisdiction upon district courts of the United States to entertain suits for violation of contracts between employees and labor organizations, it has been held that such jurisdiction is not exclusive. Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L. Ed.2d 483 (1962). Prior to the *Humphrey* case, this court had decided that a third party beneficiary of a collective bargaining agreement could maintain an action in the Court of General Sessions—the statutory precursor of the Superior Court—to recover for benefits to which he was entitled by the terms of such agreement. Clarke v. Ward Baking Company, D.C.App., 191 A. 2d 450 (1963).[1] This opinion also declared that with respect to such agreements, "[t]he same rules of construction are applied as in contract law generally". *Id.* at 452 (footnote omitted).

The Supreme Court has laid down the rule, however, that the substantive rules governing the interpretations of collective bargaining agreements is a body of law fashioned by the Federal courts. Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 456–457, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957). We do not regard the rule of construction postulated by the *Ward* opinion as inconsistent with that principle, as there have been no opinions by the Supreme Court—except possibly in the narrow field of suits to compel performance of arbitra-

---

1. In that case, the plaintiff was an employee whose wages and working conditions were covered by the agreement. Here the suit was brought by the health and welfare trust, also a third party beneficiary of the contract signed by the employer and union.

tion agreements—suggesting that the nebulous body of decisional law envisioned in *Lincoln Mills* was to be formulated in derogation of the common law of contracts.[2] Had the employer contended that it was coerced into signing the agreements with (a) a union not representing a majority of its employees, or (b) by secondary boycott threats if it did succeed in securing a subcontract, it might be said that the controversy was arguably within the domain of the National Labor Relations Board and therefore the court was lacking in jurisdiction. Garner v. Teamsters, Local 776, C & H, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953). No such defenses were raised, however.

■ Thus, notwithstanding the trend to emphasize Federal preemption in labor relations litigation, (*see* San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959)), our examination of the authorities leads us to conclude that the trial court had jurisdiction to render the challenged judgment and correctly applied pertinent substantive law to the issues raised by the parties, there being no Federal statute or controlling decision of a Federal court inconsistent therewith.

In this jurisdiction, it is well settled that a "written contract may be conditioned on an oral agreement that the contract shall not become binding until some condition precedent resting in parol shall have been performed", and testimony to prove the mutuality of such an understanding is admissible—at least in certain cases. *See* Luther Williams, Jr., Inc. v. Johnson, D.C. App., 229 A.2d 163, 164 (1967).

■ But the existence of such a condition precedent and whether it has been met are questions of fact. Washington Tent and Awning Company v. 818 Ranch, Inc., D.C.App., 248 A.2d 126 (1968). The findings of fact by the trial court are conclusive on appeal unless "plainly wrong or without evidence to support [them]." D. C.Code 1973, § 17–305(a). In this instance the testimony was in conflict, but, according proper deference to the trial court's province in resolving credibility issues, we are satisfied that its findings were not clearly erroneous and were supported by substantial evidence.

Affirmed.

---

**2.** *See* United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 578–579, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).