**WM. P. LIPSCOMB CO., Inc., Appellant,**

v.

**KALDENBACH & WYSONG, INC., Appellee.**

**No. 3111.**

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 29, 1962.

Decided Dec. 17, 1962.

Coleman L. Diamond, Washington, D. C.,
with whom Dexter M. Kohn, Washington,
D. C., was on the brief, for appellant.

Laurence T. Scott, Washington, D. C.,
with whom Denver H. Graham, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and
QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from a judgment for
appellee, a plumbing subcontractor, in a suit

filed by appellant, the general contractor, to recover damages resulting from a break in a water service pipe alleged not to have been installed in conformity with contract specifications.

Appellee had contracted with appellant to perform *all* plumbing work on a new building being erected by appellant in accordance with specifications drafted by the owner's architects. One specification provided:

> "Where pipes are laid *in filled ground* or in other cases where necessary, *they shall be supported by brick piers or other approved supports carried down to a firm bearing.*" [Emphasis supplied.]

About one year after completion of the building, a four-inch service pipe running from the public water main broke. This pipe had been laid by the District of Columbia as required by the Plumbing Code.[1] The owner's architect made an inspection and discovered that the pipe had been placed in filled ground unsupported as required by the builder's specifications. He was of the opinion that the rupture resulted when the fill dirt settled, causing the pipe to sag and ultimately break. This suit followed after appellee refused to repair the damage or reimburse appellant for doing so.

The question on appeal is not whether appellee was negligent in laying the pipe but whether, by failing to install the extra supports, it breached its contract with appellant.

■ The trial court ruled that inasmuch as a construction engineer for the District of Columbia had testified filled ground was the best support for pipes and met District requirements, appellee was not compelled to provide any support other than compacted earth. Appellant contends that the court's decision wrongfully modified the written contract between the parties respecting the manner in which they had agreed water pipes should be installed. We are in accord. The contract specified "brick piers or other approved supports." It did not contemplate the use of fill ground itself as support but rather the addition of piers or some other support in order that the pipe should gain strength and stability.

Appellee claims it was within the contemplation of the parties that the specification for additional pipe supports in filled ground was applicable *only* to pipes laid by it and not to those laid by the District; and that as both parties knew the District was to do part of the plumbing installation, the portion of the work to be performed by the District was not covered by this provision of the contract. The evidence supports no such conclusion. The contract is definite that appellee was to do or arrange for all plumbing work on the job and there was no exemption of any portion of the plumbing installation from the requirement that pipes laid in filled ground should have extra supports.

■ The intention of the parties to the contract must be determined not only from the terms of the written instrument but also from the actions of the parties in relation thereto. Appellee's estimate for plumbing included an amount to cover the installation by the District, and when the work was completed, appellee paid the District. That the supports were omitted by the District should have been known to appellee which was under obligation to inform appellant of this fact and secure its consent to a variation from the specifications. No such approval was secured, and appellant was not aware that the supports had been omitted until the break occurred. All arrangements having been made with the District by appellee, it must be held responsible

1. § 512. A water service pipe between the public water main and the building line three inches or greater in diameter must be furnished and laid by the Water Department at the expense of the applicant or owner and be of material and weight approved by the Superintendent of the Water Department.

for damages resulting from the unsanctioned deviation from the contract.

■ Appellee also defends on the ground of impossibility of performance. When a contract cannot be fully performed because prevented or prohibited by an intervening governmental act, or municipal regulation, or an administrative order, the promisor's duty may be discharged.[2] But impossibility of performance is a defense that must be proved. Here the Plumbing Code did not require additional point supports for the water service line when located in filled ground; but, on the other hand, their use was not prohibited. The record reveals no act of the District, nor existing municipal regulation or administrative order that prevented the use of extra supports where called for under the contract. Neither party knew in advance of any obstacle to providing the additional supports, and appellee produced no testimony that it had requested and that the District had refused to buttress the pipes in the manner explicitly required by the contract.

■ Objections by appellant to the admission of testimony by the construction engineer for the District of Columbia to the effect that he would not have approved point supports if the request had been presented to him and expressing the opinion that "fill ground" was the best support and met District requirements were properly interposed. It was not a question of the better method of support, although subsequent events indicated that extra supports might have averted the break in the pipe. Appellee contracted to install point supports in filled ground and did not do so. Having failed to comply with the contract terms, appellee must respond for the damages caused by its breach.

Reversed and remanded for determination of the amount of damages.

2. Partridge v. Presley, 88 U.S.App.D.C. 298, 301, 189 F.2d 645; Restatement, Contracts § 458; 6 Williston, Contracts, §§ 1935, 1939.