Max BERGMAN, Appellant,

v.

George M. PARKER, Chester M. Parker and George A. Parker, partners under the name of George M. Parker & Sons, Appellees.

No. 3741.

District of Columbia Court of Appeals.

Argued Nov. 15, 1965.

Decided Feb. 1, 1966.

Rehearing Denied Feb. 16, 1966.

Arthur L. Willcher, Washington, D. C., for appellant.

Robert M. Gray, Washington, D. C., with whom Thomas S. Jackson and John L. Laskey, Washington, D. C., were on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

After prior oral agreement on terms, the parties entered into a written contract whereby appellees, a partnership, were to construct for appellant an apartment building according to architectural plans submitted by the latter. The contract provided, *inter alia,* that the owner (appellant Bergman) would secure and pay for all building permits and that appellees would commence work when the permits were issued. Appellant never obtained the necessary permits, apparently deciding to abandon the project when the bank from which he was to obtain financing insisted on being furnished with detailed specifications before it would approve a loan and when it appeared the District of Columbia would not issue building permits without certain changes in and amplification of the plans. Appellant refused to allow appellees to commence work and the firm filed suit against him for breach of contract. After trial without a jury, judgment was entered in favor of appellees in the amount of $8,240.75, representing damages sustained by appellees based upon their loss of profits.

Appellant first complains that the trial judge erred in finding that a valid contract was executed by him with the partnership for the erection of the building. He bottoms his argument upon the theory that their agreement was to take effect only

upon the issuance of the building permits. He asserts that until this occurred, he was not obligated under the contract.

 Appellant confuses a condition precedent with a promise. A condition precedent is a fact, other than the passage of time, which must exist before the duty of immediate performance of a promise can arise,[1] whereas a promise is an express or implied declaration which raises a duty to perform and subjects the promisor to liability for damages for failure to do so.

 In the instant case the only limitation was that appellees were not to begin work until the building permits were obtained, which did not in any way affect the meeting of the minds of the parties. The intentions of parties to a contract must be determined not only from the terms of the written agreement but also from the actions of the parties in relation thereto.[2] The evidence produced at trial established that appellant intended to enter into a contract for the construction of a low-cost apartment and submitted to appellees five sets of plans which formed the foundation for the ultimate contract price. Building permits were never issued because appellant failed to supply the detailed specifications. In our opinion the provision in the contract that construction would commence when the building permits were issued was not tantamount to a condition precedent which had to be performed before appellant was to be bound by his contract.

 Appellant next claims it was error not to find that the contract was impossible of performance in view of his inability to obtain building permits. The record does not support this contention. It is true that when the performance of an agreement is rendered impossible due to circumstances beyond the control of the parties, the party failing to perform is exonerated. Such impossibility is not limited to absolute or legal impossibility and includes impracticability due to extreme or unreasonable difficulty.[3] However, it must be a real impossibility and not a mere inconvenience or unexpected difficulty.[4] Moreover, the burden rests upon the party asserting this defense to prove it.[5] The record demonstrates that appellant did not meet this burden. There is no question that building permits could have been issued after modification of existing plans, either in the form of additional specifications or actual changes in the plans. Fault for failure to obtain the permits must rest upon appellant. The trial judge correctly found that the contract was not impossible of performance.

 Finally appellant charges that appellees were not entitled to damages based upon loss of profits because they did not prove with certainty their costs of performing the work. He maintains they failed to corroborate their subcontracting costs as well as their own estimates for the cost of the work they were to perform and hence there was no basis upon which to award damages. The trial judge ruled that appellees were entitled to recover the value of the contract based upon their expected profit and applied, as the measure of damages, the difference between the contract price and the cost of constructing the building. This is the correct rule in the situation here. Where there is a breach of contract before the contractor starts work, the contractor is entitled to recover his lost profits

1. Brier v. Orenberg, D.C.Mun.App., 90 A.2d 832 (1952).

2. Wm. P. Lipscomb Co. v. Kaldenbach & Wysong, Inc., D.C.Mun.App., 187 A.2d 124 (1962).

3. Whelan v. Griffith Consumers Company, D.C.Mun.App., 170 A.2d 229 (1961).

4. Restatement, Contracts §§ 454–455 (1932); 6 Corbin Contracts § 1333 (1962).

5. Wm. P. Lipscomb Co. v. Kaldenbach & Wysong, Inc., supra, note 2.

due to the breach, which are measured by the contract price less the costs he would have incurred had the contractual obligation been completed. Such profits need not be proved with absolute certainty but only with reasonable certainty, and the contractor may estimate his costs in arriving at a profit "as nearly as may be" under the circumstances that existed at the time of the breach.[6] The trial judge followed this rule in awarding damages and there was ample evidence adduced upon which to determine the amount thereof with reasonable accuracy.

Affirmed.

6. J. D. Hedin Construction Company v. F. S. Bowen Electric Company, 106 U.S.App.D.C. 386, 273 F.2d 511 (1959).