CHIRICHELLA ET UX. *v.* ERWIN ET UX.

[No. 47, September Term, 1973.]

*Decided November 1, 1973.*

The cause was argued before MURPHY, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH, DIGGES and LEVINE, JJ.

*Richard F. Rothenburg*, with whom was *Joseph C. V. Ferrusi* on the brief, for appellants.

*George W. Shaffer*, with whom were *Carr, Bonner, O'Connell, Kaplan, Thompson & Diuguid* on the brief, for appellees.

LEVINE, J., delivered the opinion of the Court.

This appeal is from a decree for specific performance of a contract for the sale of real estate. Appellants (the Chirichellas) had contracted in June 1971 to sell their home in Silver Spring to appellees (the Erwins) for the sum of $39,200. Due to the refusal of the Chirichellas to settle, the Erwins finally sued them on August 31, 1972 for specific performance. At the conclusion of the trial, the Circuit Court for Montgomery County (Miller, J.) entered the decree from which this appeal is taken.

The contract entered into by the parties was the "standard" form used by the Montgomery County Board of Realtors. Paragraph Six of the form contract, entitled "Settlement," reads as follows:

"Within _____ days from date of

acceptance hereof by the Seller, or as soon thereafter as a report of the title can be secured if promptly ordered, and/or survey, if required, and/or Government-insured loan, if used, can be processed, if promptly applied for, the Seller and Purchaser are required and agree to make full settlement in accordance with the terms hereof. . . ."

Apparently when the real estate salesman initially submitted the contract to the Chirichellas, the words, "by Oct. 1, 1971 or sooner," had been inserted in the blank space. By mutual agreement, this language was amended to read, "Coincide with settlement of New Home in Kettering Approx. Oct. '71." No other reference to the "New Home in Kettering" appears in the contract.

The Chirichellas had contracted to purchase the "New Home" in April 1971. Their agreement provided that they were to settle "within fifteen (15) days from the date of completion." Although construction of the new house had not yet commenced when the Erwin contract was executed in April, the Chirichellas were confident that it would be completed by October unless unforeseen developments intervened. Their confidence proved to be unwarranted as the first settlement of the "New Home" was scheduled for June 15, 1972. The record does not indicate when construction actually commenced.

The June settlement on the "New Home" never materialized because the Chirichellas claimed it was not completed "in a workmanlike manner." In July, their attorney wrote to the realtor handling that transaction and itemized 84 alleged defects in the house. The testimony at trial reflects a clear-cut difference of opinion in that regard between the Chirichellas and a representative of the builder. The latter maintained that the house had been satisfactorily completed and implied that the Chirichellas were being unreasonable. In any event, settlement was rescheduled for two separate dates in August, but the Chirichellas persisted in their claim that the house was not yet ready for

occupancy. Settlement has never occurred on the "New Home" and it appears that it has been resold to another purchaser.

The first settlement of the contract on the house sold by the Chirichellas to the Erwins was also scheduled for June 15, 1972. Sometime prior to that date, but after October 1971, Mr. Erwin asked Mr. Chirichella to settle, but the latter refused because the "New Home" was not ready. The Chirichellas did not appear at the June 15 settlement, and it was rescheduled for August 9. When that proved to be futile, the Erwins filed their suit on August 31, 1972.

Although he was of the view that the Chirichellas' complaints concerning the "New Home" were justified, the chancellor concluded that the provision for settlement inserted in the Erwin contract was not a condition precedent to performance, but merely a requirement that settlement take place during the month of October 1971, or within a reasonable time thereafter. And, since more than a reasonable time had elapsed, the Erwins were entitled to a decree for specific performance. We agree, and therefore affirm.

Before this Court, the Chirichellas attack the chancellor's ruling on the same grounds raised below: That the contested provision was a condition precedent to performance on their part, and since that condition failed, the contract failed with it. They rely almost entirely on *Griffith v. Scheungrab*, 219 Md. 27, 146 A. 2d 864 (1958) for this contention. This reliance is completely misplaced, as there we merely held that:

> " . . . *Where a contractual duty is subject to a condition precedent,* . . . there is no duty of performance and . . . 'a decree for specific performance will not be granted unless conditions precedent, express, implied, or constructive, have all occurred or been performed.' (citations omitted)." 219 Md. at 34-35 (emphasis added).

This argument begs the question. The issue is not whether there was a failure of a condition precedent, but whether the disputed clause indeed constitutes a condition precedent. We

have already indicated our agreement with the chancellor that it does not.

A condition precedent has been defined as "a fact, other than mere lapse of time, which, unless excused, must exist or occur before a duty of immediate performance of a promise arises," 17 Am. Jur. 2d, *Contracts*, § 320. Similar definitions may be found in *Bergman v. Parker*, 216 A. 2d 581, 583 (D. C. App. 1966); *In Re Roberts' Estate*, 190 Kan. 248, 373 P. 2d 165, 171 (1962); Corbin, *Conditions in the Law of Contract*, 28 Yale L.J. 739, 747 (1919); 1 *Restatement of Contracts*, § 250 (1932); and 3A Corbin, *Contracts*, § 628 (1960). The question whether a stipulation in a contract constitutes a condition precedent is one of construction dependent on the intent of the parties to be gathered from the words they have employed and, in case of ambiguity, after resort to the other permissible aids to interpretation, 17A C.J.S. *Contracts*, § 338; *see United States v. Schaeffer*, 319 F. 2d 907, 911 (9th Cir. 1963), *cert. denied*, 376 U. S. 943, 84 S. Ct. 798, 11 L. Ed. 2d 767 (1964). Although no particular form of words is necessary in order to create an express condition, such words and phrases as "if" and "provided that," are commonly used to indicate that performance has expressly been made conditional, *Beattie-Firth, Inc. v. Colebank*, 143 W. Va. 740, 105 S.E.2d 5, 8-9 (1958), 74 A.L.R.2d 431; 17 Am. Jur. 2d, *Contracts*, § 320; as have the words "when," "after," "as soon as," or "subject to," *id;* 5 Williston, *Contracts*, § 671 (Jaeger Ed. 1961).

We turn then to the question of whether the language in controversy here meets the definition of a condition precedent, i.e., whether it may be read to mean that settlement on the "New Home in Kettering" must have occurred before the Chirichellas' duty to settle with the Erwins arose. We think the provision in issue no more accomplishes that purpose than the words which it replaced. As we read the clause, "Coincide with settlement of New Home in Kettering Approx. Oct. '71," it merely fixes a convenient and appropriate time for settlement.

Although the amendment attempted to link one settlement with the other, its only effect was to insure that

the October 1971 time designation not be regarded as of the essence. *Cf. String v. Steven Development Corporation*, 269 Md. 569, 307 A. 2d 713, 718 (1973) where, given a form contract identical to that used here with "130" inserted in the blank space of the "settlement clause," we held that time was not made of the essence; and that "the parties were required to settle within a reasonable period" after the expiration of the time specified. *See Doering v. Fields*, 187 Md. 484, 50 A. 2d 553 (1947).

Here, whatever might have been the consequence had the phrase, "Approx. Oct. '71," not been added to the insertion, its inclusion effectively defeats the Chirichellas' argument. The result, as the chancellor ruled, was not to allow them to "avoid the contract," but to "delay settlement for a reasonable period of time while the [new] house was completed."

In sum, the Chirichellas' duty to perform by settling under their contract with the Erwins was not subject to the condition precedent that they first settle on the new house. Hence, they were required to do so within a reasonable time after October 1971. As suggested by the chancellor, that time had long since expired by January 29, 1973, the day of trial.

*Decree affirmed; appellants to pay costs.*