## 0907

John C. COBB, Appellant v. Alice A. GROSS, Respondent.

(354 S. E. (2d) 573)

Court of Appeals

*William A. Robinson, Jr.*, of *Robinson Law Firm, P.A.*, Easley, *for appellant.*

*Ronnie L. Smith*, Easley, *for respondent.*

Heard Feb. 24, 1987.

Decided March 23, 1987.

Goolsby, Judge:

This is an action for breach of a contract to buy real estate brought by John C. Cobb against Alice A. Gross. The trial judge directed a verdict in Gross' favor at the end of Cobb's case. Cobb appeals. The issues on appeal concern whether the alleged contract was subject to a condition precedent and whether the evidence supports the trial judge's finding that a contract existed between the parties. We reverse and remand.

Since the basic question involved in this appeal is whether the trial judge committed error in directing a verdict in Gross' favor, we view, as we must, the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to Cobb, the party opposing the motion for directed verdict. *Olin Mathieson Chemical Corp. v. Planters Corp.*, 236 S. C. 318, 114 S. E. (2d) 321 (1960).

## I.

Gross, a licensed real estate broker, prepared and submitted to Cobb in her office a proposed contract of sale offering to purchase for $60,000 certain property that Cobb had advertised for sale. Cobb handed the contract to Gross after striking through several conditions of sale proposed by Gross. They both then signed the contract. Gross gave Cobb $500 as a down payment. They agreed to close the transaction on or before November 30, 1984.

Printed language in the contract of sale recites that the property was "being sold and purchased subject to zoning ordinances and regulations; building [re]strictions; and conditions, restrictions and easements of Public Record." Gross intended to use the property for commercial purposes.

The property, which is located in Easley, South Carolina, consists of three lots. On learning that restrictions limited two of these lots to residential use, Gross refused to close the transaction.

Cobb later brought suit on the contract. Among other defenses, Gross denied that a contract existed between Cobb and herself.

Upon the trial of the case and at the conclusion of Cobb's evidence, the trial judge found that a contract existed between the parties; however, he directed a verdict in Gross' favor. As we gather, he viewed the contract language quoted above as creating a condition precedent and regarded Gross as having no duty to purchase the property unless it were free from "zoning ordinances and regulations, building [re]strictions, and conditions, restrictions and easements of Public Record." The trial judge interpreted the words "subject to" to mean "conditioned on those things not being there," referring to the zoning ordinances and other limitations on the property's use; and he found that "there was a restriction on [the property] [t]hat ... had not been removed...."

As we stated in *Ballenger Corp. v. City of Columbia,* 286 S. C. 1, 5, 331 S. E. (2d) 365, 368 (Ct. App. 1985),

> [a] condition precedent is any fact, other than mere lapse of time, which, unless excused, must exist or occur before a duty of immediate performance by the promisor can arise. L. P. Simpson, *Contracts* § 144 at 300 (2d. ed. 1965); 17 Am. Jur. (2d) *Contracts* § 320 at 749 (1964). Whether a stipulation in a contract constitutes a condition precedent is a question of construction dependent on the intent of the parties to be gathered from the language they employ. *Chirichella v. Erwin,* 270 Md. 178, 310 A. (2d) 555 (1973). Words and phrases such as "if," "provided that," "when," "after," "as soon as," and "subject to" frequently are used to indicate that performance expressly has been made conditional. *Id.* at 182, 310 A. (2d) at 557.

Here, the language used by the parties in the contract of sale cannot be fairly construed to require Gross to purchase the property only if the property were free of any restraint upon its use. Although the parties used the words "subject to," an expression which may have more than one meaning, depending on the circumstances of its use [*Interway, Inc. v. Alagna,* 85 Ill. App. (3d) 1094, 41 Ill. Dec. 117, 407 N. E. (2d) 615 (1980)], the expression as used in this instance clearly means that the property sold by Cobb to Gross was subordinate to, subservient to, or governed or affected by any exist-

ing "zoning ordinances and regulations, building [re]strictions, and conditions, restrictions and easements of Public Record." *See Bulger v. McCourt,* 179 Neb. 316, 138 N. W. (2d) 18 (1965) (the expression "subject to" is a term of qualification acquiring its meaning from the context and ordinarily means subordinate to, subservient to, or governed or affected by). The expression does not condition Gross' duty to perform.

We therefore hold that Gross' duty to purchase the property was not subject to a condition precedent and the trial judge was in error in directing a verdict in Gross' favor on this basis.

## II.

Gross advances several additional sustaining grounds. We need address, however, only the one that was both presented to and passed upon by the trial court. *Carter v. Peace,* 229 S. C. 346, 93 S. E. (2d) 113 (1956) (proposition relied on as an additional sustaining ground must be presented to and passed on by the trial court to warrant consideration on appeal).

Gross contests the trial court's finding regarding the existence of a contract between the parties. Her contention, viewing the evidence in the light most favorable to Cobb, is without merit.

The evidence, outlined above, clearly shows the essential elements of a contract. *See Baylor v. Bath,* 189 S. C. 269, 1 S. E. (2d) 139 (1939) (the essential elements of a contract generally are contractual intent, followed by an actual meeting of the minds of the parties, accompanied by a valid consideration); *Pierce v. Northwestern Mutual Life Insurance Co.,* 444 F. Supp. 1098 (D. S. C. 1978) (the essential elements of a contract are an offer, an acceptance, and a valuable consideration).

For the foregoing reasons, the judgment is

Reversed and remanded.

SANDERS, C. J., and CURETON, J., concur.