WASHINGTON PROPERTIES,
INC., Appellant,

v.

CHIN, INC., Appellee.

No. 99–CV–834.

District of Columbia Court of Appeals.

Argued Sept. 14, 2000.
Decided Oct. 12, 2000.

Marc E. Miller, with whom Paul J. Kiernan was on the brief, Washington, DC, for appellant.

Glenn Cooper, with whom Alan S. Mark and Alan D. Eisler, Bethesda, MD, were on the brief, for appellee.

Before SCHWELB, FARRELL and GLICKMAN, Associate Judges.

GLICKMAN, Associate Judge:

Appellant Washington Properties, Inc. ("WPI"), appeals from the order of the trial court granting summary judgment in favor of appellee Chin, Inc., on its claim that WPI breached an option contract by failing to make payments when they were due. WPI contends that summary judgment was improper because there was a factual dispute over the meaning of an ambiguous contract provision which, if construed in WPI's favor, would excuse its non-payment. The issue on appeal boils down to whether the provision created a condition precedent to WPI's obligation to make payment. Finding that the contractual provision in question is not materially ambiguous, that it did not create a condition precedent, and that the trial court's construction of that provision was correct as a matter of law, we affirm.

Under the contract at issue, Chin granted WPI an eight-year option to purchase certain real property in exchange for WPI's payment to Chin of an option fee in annual installments of $20,000 upon execution of the contract and $10,000 on the first, second and third anniversary dates of the execution of the contract. The contract provided that time was of the essence of the agreement. WPI made the initial $20,000 payment but balked at making the subsequent payments when they came due on the ground that Chin had been unable to obtain the consent of its mortgage lender to be bound by the terms of the option agreement. In raising this excuse for not making its payments, WPI relied on Section 12 of the contract, which reads in its entirety as follows:

12. Chin shall obtain the consent of the current noteholder of the deed of trust of the Property to be bound by the terms of this Agreement.

WPI's president testified at his deposition that the purpose of Section 12 was to ensure that WPI's option would survive for

**548**

a full eight years regardless of any foreclosure in the interim. Although no foreclosure had occurred or was threatened when WPI withheld its option payments, further payments would have increased the dollar amount of WPI's investment at risk in the event of a foreclosure. Hence, according to WPI, the commercially reasonable and intended interpretation of Section 12 was that the lender's consent had to be obtained before further payments were due, and as a condition precedent to WPI's obligation to make such payments.

In granting summary judgment for Chin against WPI, the trial court concluded that Chin's inability to obtain its lender's consent did not excuse WPI's failure to make option payments when they were due; that WPI's failure to make those payments constituted a material breach of the contract; and that WPI's breach entitled Chin to terminate WPI's option.

■ WPI claims that the trial court erred in granting summary judgment because Section 12 is ambiguous and there is a genuine dispute as to whether that section created a condition precedent to WPI's obligation to make its annual payments. WPI argues further that the only extrinsic evidence in the record regarding the proper interpretation of Section 12, the testimony of its president as to its purpose, supports its position.[1] Chin argues, however, that Section 12 is not ambiguous and that the contract contains no requirement that its lender's consent be obtained before WPI is obligated to make further payments. Chin accordingly argues that extrinsic evidence as to the meaning of Section 12 is inadmissible.

■ Our review of an order granting summary judgment is *de novo.* "[S]ummary judgment is appropriate where a contract is unambiguous since, absent such ambiguity, a written contract duly signed and executed speaks for itself and binds the parties without the necessity of extrinsic evidence." *Holland v. Hannan,* 456 A.2d 807, 815 (D.C.1983). Whether a contract is ambiguous is a question of law. *See id.* at 815. A contract is not ambiguous merely because the parties disagree over its meaning, and courts are enjoined not to create ambiguity where none exists. *See Bagley v. Foundation for Preservation of Historic Georgetown,* 647 A.2d 1110, 1113 (D.C.1994). Rather, "a contract is ambiguous when, and only when, it is, or the provisions in controversy are, reasonably or fairly susceptible of different constructions or interpretations, or of two or more different meanings, and it is not ambiguous where the court can determine its meaning without any other guide than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends." *Holland,* 456 A.2d at 815 (quoting *Burbridge v. Howard Univ.,* 305 A.2d 245, 247 (D.C.1973)). While it is commonly said that contracts are to be construed to effectuate the intent of the parties, where a contract is unambiguous, "intent is properly an objective, not subjective, issue." *Dodek v. CF 16 Corp.,* 537 A.2d 1086, 1093 (D.C.1988). "Accordingly, '[t]he first step in contract interpretation is determining what a reasonable person in the position of the parties would have thought the disputed language meant.'" *Id.* (quoting *Intercounty Constr. Corp. v. District of Columbia,* 443 A.2d 29, 32 (D.C. 1982)).

■ Since Section 12 of the contract does not specify a time for performance, "the law implies that it must be done within a reasonable time." *Flack v. Laster,* 417 A.2d 393, 400 (D.C.1980). What constituted a reasonable time for Chin to obtain its lender's consent to be bound by the option contract may well be a factual question that is not susceptible to summary judgment. But that is not the dis-

---

**1.** Chin's corporate representative testified at his deposition that he did not recall anything about Section 12. When they negotiated their contract, it appears that the parties did not discuss whether Section 12 would create a condition precedent to WPI's obligation to make its option payments.

positive question in this case. Rather, the dispositive question is whether obtaining the lender's consent was a condition precedent to WPI's duty to make its annual payments. It is undisputed that if Chin's failure to obtain its lender's consent was not a failure of a condition precedent, then WPI committed a material breach when it withheld its option payments sufficient to permit Chin to terminate the contract. And whether or not Chin breached its promise to obtain its lender's consent within a reasonable time does not determine whether fulfillment of that promise was a condition precedent to WPI's performance of its payment obligations.[2]

A condition precedent may be defined as "an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due." RESTATEMENT (SECOND) OF CONTRACTS § 224 (1981);[3] see also Brier v. Orenberg, 90 A.2d 832, 833 (D.C.1952) (condition precedent is "a fact which must exist or occur before a duty of immediate performance of a promise could arise"); Chirichella v. Erwin, 270 Md. 178, 310 A.2d 555, 557 (1973) (defining condition precedent as "a fact, other than mere lapse of time, which unless excused, must exist or occur before a duty of immediate performance of a promise arises"). No particular form of words is necessary in order to create an express condition; however, words and phrases such as "if" or "provided that," qualifying a promise, are commonly used to indicate that the duty of the promisor has expressly been made conditional. See Chirichella, 310 A.2d at 557. The question whether a provision in a contract "constitutes a condition precedent is one of construction dependent on the intent of the parties to be gathered from the words they have employed and, in case of ambiguity, after resort to other

permissible aids to interpretation." *Canaras v. Lift Truck Servs., Inc.*, 272 Md. 337, 322 A.2d 866, 875 (1974) (quoting *Chirichella*, 310 A.2d at 557).

On the question of whether Section 12 created such a condition precedent, the contract is not ambiguous. Neither Section 12 nor the contract in its entirety can be read to state that the parties expressly agreed to require Chin to obtain its lender's consent as a condition precedent to WPI's obligation to make its scheduled payments. *Cf. Aronoff v. Lenkin Co.*, 618 A.2d 669, 672, 676 (D.C.1992) (contract incorporated express conditions precedent). The contract does not purport to condition WPI's payment obligation on the lender's consent, for example, by using conditional language to link the payment obligation to Section 12.

Even if we entertain the possibility that the duty imposed on Chin by Section 12 should be construed to be a condition precedent because (according to WPI) Section 12 is susceptible to that construction and the parties so intended when they entered into the contract, we think that on summary judgment the trial court was correct to reject that possibility for lack of support. As a general rule of contract interpretation, there is a presumption in favor of construing doubtful language in a contract as language of promise rather than as language of condition. *See New York Bronze Powder Co. v. Benjamin Acquisition Corp.*, 351 Md. 8, 716 A.2d 230, 234 (1998). "Such an interpretation protects both parties to the transaction, is based on a policy of avoiding the harsh effect of forfeiture which may result from a failure of a condition precedent, and also does not involve the consequence that a slight failure to perform wholly destroys all rights under the contract." RICHARD A. LORD, WILLISTON ON CONTRACTS § 38.13, at

---

**2.** In opposing summary judgment for Chin, WPI did not contend that it had the right to suspend performance of its contractual obligations because Chin's failure to obtain its lender's consent constituted a *material* breach of contract.

**3.** Eschewing the terms "condition precedent" and "condition subsequent" in order to avoid confusion, the RESTATEMENT (SECOND) OF CONTRACTS refers to conditions precedent simply as "conditions."

423–24 (4th ed.2000) (footnotes omitted). We see nothing in the record that would override this presumption and show that the parties actually intended the lender's consent to be a condition precedent to WPI's obligation to make its payments. The deposition testimony cited by WPI falls short of establishing such an intention. That testimony establishes only that the parties did not address the question in their negotiations, even though the lender's consent to be bound by the option contract was important to WPI because it would eliminate one of the risks that WPI confronted in entering into the contract.

WPI's contention that Section 12 was intended to create a condition precedent to its installment payment obligation is undercut, moreover, by the fact that the contract concededly required WPI to make its first payment of $20,000, amounting to forty percent of the total option fee, before the lender's consent was to be obtained. Further, there is evidence in the language of the contract that when the parties wanted to condition WPI's obligations on the occurrence of a condition precedent, they did so explicitly. For example, under the contract, Chin was obligated to convey clear title to the subject property in the event that WPI exercised its purchase option. The parties specifically stipulated that if Chin could not convey clear title, then WPI would have the right either to cancel the contract and receive a return of all moneys it had paid, to proceed to settlement with an escrow held back to cure title defects, or to postpone settlement until Chin cured the defects itself. In contrast, the contract contained no comparable provision freeing WPI from its contractual obligations in the event Chin could not obtain the consent of its lender.

■ Finally, citing *Royal McBee Corp. v. Bryant,* 217 A.2d 603 (D.C.1966), WPI argues that even if the parties did not actually intend and agree to make the lender's consent a condition precedent to its obligation to make its payments, such a condition precedent should be implied as a matter of law. In other words, WPI asks

us to declare the lender's consent a "constructive condition precedent" to its duty to make payments. *Id.* at 606. We are not persuaded by this argument. So-called "constructive conditions are imposed by law [i.e., by courts] to do justice." CALAMARI & PERILLO, THE LAW OF CONTRACTS § 11.8, at 402 (4th ed.1998); *see also* CATHERINE M.A. MCCAULIFF, CORBIN ON CONTRACTS § 32.1, at 127 (1999) ("A constructive condition has been defined as a fact or event that is operative as such on grounds of fairness and justice, even though the parties expressed no intention whatever, either in definite language or by methods from which an inference or implication is possible."). In *Royal McBee,* for example, the court held that a lessor's promise to maintain leased equipment in good working order was a constructive condition precedent to the lessee's promise to pay rent on the equipment, where the lessor's failure to maintain the equipment so that it worked deprived the lessee of the benefit of the lease. 217 A.2d at 606–07. In the present case, Chin's failure to obtain the consent of its lender did not work a comparable injustice (given that foreclosure had not occurred and was not about to occur). Indeed, the trial court was reasonably concerned that injustice would result if it acceded to WPI's position, because allowing WPI to retain the benefits of the option contract without paying the option fees would, potentially, deprive Chin of the opportunity to sell the underlying property for years without the compensation on which the parties had agreed. The trial court therefore did not err in declining to impose a condition precedent as a matter of law.

Since Section 12 of the option contract did not create a condition precedent to WPI's payment obligation, the trial court properly granted Chin's motion for summary judgment.

*Affirmed.*