**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1547**

MCG, INC.,

              Plaintiff - Appellant,

        v.

MGSJ  HOLDINGS,  INC.;  MICHAEL  MOORE;  GARY  WARD;  STEVEN
MENDIETA,

              Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  George L. Russell, III, District Judge.
(1:14-cv-03997-GLR)

Submitted:  February 29, 2016            Decided:  May 19, 2016

Before KING, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric S. Lipsetts, ERIC LIPSETTS, P.A., Annapolis, Maryland, for
Appellant.   Lars H. Liebeler, LARS LIEBELER, PC, Washington,
D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

MCG, Inc. (MCG) appeals the district court's order granting judgment on the pleadings, or in the alternative, summary judgment, in favor of MGSJ Holdings, Inc. (Holdings), Michael Moore, Gary Ward, and Steven Mendieta (collectively, Defendants) in this civil action arising out of an alleged breach of contract. The district court held that MCG failed to fulfill a condition precedent as required under the terms of an Investment Agreement entered into by Mendieta, acting as the sole director of MCG, and Moore and Ward, who signed as principals of Holdings. The district court also held that Mendieta, Moore, and Ward later cancelled the Investment Agreement, and MCG ratified its cancellation, so there was no breach. We have thoroughly reviewed the record and find that the district court did not err in granting Defendants' motion for judgment on the pleadings, or, in the alternative, summary judgment. Accordingly, we affirm the district court's order for the reasons set forth below.

**I.**

This court reviews "de novo a district court's ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). A motion for judgment on the pleadings "should only be granted if, after accepting all well-pleaded allegations

2

in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Similarly, this court reviews de novo the district court's grant of summary judgment. Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001). Summary judgment is appropriate only in those cases where the pleadings, affidavits, and responses to discovery "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A material fact is one "that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

## II.

In this case, the district court pronounced its findings through a bench ruling during a hearing on Defendants' motion for judgment on the pleadings, or, in the alternative, summary judgment. The district court found that Mendieta, as director of MCG, had "sole authority to contract, to bargain, [and] to

3

negotiate with individual entities." As the sole director, Mendieta entered into an Investment Agreement with Ward and Moore, and MCG failed to perform a condition precedent – establishing bank accounts with two specific signers – as required in that contract. And "the failure of MCG to fulfill the terms of the agreement . . . prevented the formation of a contract. Because the ultimate basis for the contract was the disbursement of the loan funds." The district court therefore concluded, "the condition precedent was not fulfilled, regardless of the circumstances of its fulfillment," and Holdings, Ward, Moore, and Mendieta did not breach the contract.

The district court also addressed an additional argument "that the ratification of the agreement compelled Holdings to perform under the contract." Again, the district court concluded that a contract did not exist because MCG did not fulfill the condition precedent. The court alternatively concluded that the Investment Agreement was a contract that, once ratified, was impossible to perform because Mendieta had resigned from MCG.

On appeal, MCG argues the district court erred for several reasons when it dismissed the complaint and granted Defendants' motion. MCG further argues the trial court improperly dismissed its tort claims against Mendieta. Defendants argue that the

4

"principle reason MCG's claims fail is that MCG did not meet the condition precedent set forth" in the Investment Agreement.

In Maryland,* the interpretation of a contract is a question of law, and courts interpret contracts objectively. Nova Research, Inc. v. Penske Truck Leasing Co., 952 A.2d 275, 283 (Md. 2008). Contract interpretation therefore begins with the plain meaning of the contractual terms. Storetrax.com, Inc. v. Gurland, 895 A.2d 355, 367 (Md. Ct. Spec. App. 2006), aff'd, 915 A.2d 991 (Md. 2007). Additionally, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." Taylor v. NationsBank, N.A., 776 A.2d 645, 651 (Md. 2001).

Here, the duty owed between MCG and Defendants, like most contract cases, rests on the terms of the contract. In this case, the duties owed are set forth in the Investment Agreement. Among other things, the Investment Agreement included a provision that stated: "As a condition of Investor providing two loans, MCG bank accounts [shall] bear two signers only, Steve Mendieta and, as a backup, Jeff Wray." The district court

---

* The parties do not dispute that Maryland law controls the Investment Agreement.

5

relied on this provision when it determined that MCG failed to fulfill a condition precedent.

A condition precedent has been defined as a fact, other than mere lapse of time, which, unless excused, must exist or occur before a duty of immediate performance of a promise arises. Chirichella v. Erwin, 310 A.2d 555, 557 (Md. 1973). "Generally, when a condition precedent is unsatisfied, the corresponding contractual duty of the party whose performance was conditioned on it does not arise." Chesapeake Bank of Md. v. Monro Muffler/Brake, Inc., 891 A.2d 384, 391-92 (Md. Ct. Spec. App. 2006) (internal quotation and citation omitted); see also Laurel Race Course, Inc. v. Regal Const. Co., 333 A.2d 319, 327 (Md. 1975) ("It is fundamental that where a contractual duty is subject to a condition precedent, whether express or implied, there is no duty of performance and there can be no breach by nonperformance until the condition precedent is either performed or excused.") (citations omitted).

Because the Investment Agreement required MCG to establish the bank accounts "as a condition" of the loan, Holdings, Ward, and Moore were not obligated to make loans to MCG before such bank accounts were established. Mendieta, Ward, and Moore then decided to withdraw from investing in MCG, or cancel the contract. The district court, therefore, did not err when it

6

concluded that MCG failed to fulfill a condition precedent found in the Investment Agreement.

The district court also did not err when it held that Mendieta, Ward, and Moore cancelled the Investment Agreement, and MCG could not revive the contract after Mendieta resigned from MCG and MCG appointed new directors. "At common law the parties to a written contract have the right to rescind it by mutual consent, even though there is no provision in the contract permitting them to do so." Maslow v. Vanguri, 896 A.2d 408, 424 (Md. Ct. Spec. App. 2006) (internal quotation and citation omitted). "The parties to a contract may, either in writing or orally, release themselves from its obligations." Id. (citations omitted); see also Lemlich v. Bd. of Trs. of Harford Cmty. Coll., 385 A.2d 1185, 1189-90 (Md. 1978) (discussing how a contract may be rescinded through mutual agreement of the parties). "It has frequently been held that the mutual assent requisite to rescind a contract need not be express; it may be inferred from the conduct of the parties in the light of the surrounding circumstances." Maslow, 896 A.2d at 425 (internal quotation and citation omitted).

Here, the record shows Ward and Moore, along with Mendieta, acting as the sole director of MCG, decided to abandon, or rescind, the Investment Agreement. Mendieta notified the future officers of MCG in writing about their decision to walk away

7

from the deal, and Mendieta then resigned from MCG. MCG cannot compel Holdings to perform under the Investment Agreement after the parties agreed to cancel it.

Additionally, the district court did not err when it dismissed the tort claims against Mendieta. Although MCG relies on Shapiro v. Greenfield, 764 A.2d 270, 278 (Md. Ct. Spec. App. 2000), to assert that the district court applied the wrong standard, that case analyzes the corporate opportunity doctrine. In contrast, this is a breach of contract case that turns on the fulfillment of a condition precedent, and the cancellation or rescission of the Investment Agreement. Mendieta did not usurp a corporate opportunity when he simply ended the Investment Agreement and resigned from MCG. As a result, the district court did not need to decide whether Mendieta's departure was fair and reasonable to the corporation.

MCG's Articles of Incorporation vested Mendieta with authority as the sole director. As sole director, Mendieta could negotiate and contract on MCG's behalf. Mendieta could also end business dealings on MCG's behalf, as happened here. See Dialist Co. v. Pulford, 399 A.2d 1374, 1378 n.3 (Md. Ct. Spec. App. 1979) (explaining the nature of a rescission). As a result, the district court did not err when it granted Defendants' motion for judgment on the pleadings, or, in the alternative, summary judgment.

8

Accordingly, the order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED