**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2240**

BIERMAN FAMILY FARM LLC/KING MULCH/KING FARMS,

Plaintiff - Appellee,

v.

UNITED FARM FAMILY INSURANCE COMPANY,

Defendant - Appellant,

**No. 18-2279**

BIERMAN FAMILY FARM LLC/KING MULCH/KING FARMS,

Plaintiff - Appellant,

v.

UNITED FARM FAMILY INSURANCE COMPANY,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Albert David Copperthite, Magistrate Judge.  (1:17-cv-00004-ADC)

Submitted:  March 20, 2020                    Decided:  May 8, 2020

Before WILKINSON and KEENAN, Circuit Judges, and Rossie D. ALSTON, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed in part, vacated in part, and remanded by unpublished opinion. Judge Keenan wrote the opinion, in which Judge Wilkinson and Judge Alston concurred.

Margaret Fonshell Ward, DOWNS WARD BENDER HAUPTMANN & HERZOG, P.A., Hunt Valley, Maryland, for Appellant/Cross-Appellee. C. Thomas Brown, SILVER & BROWN, Fairfax, Virginia, for Appellee/Cross-Appellant.

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

Bierman Family Farm LLC (Bierman)[1] filed this breach of contract action alleging that its insurer, United Farm Family Insurance Co. (United Farm), wrongfully withheld half the insurance benefits to which Bierman was entitled after a fire at a covered property. United Farm claimed that full coverage was precluded because Bierman failed to satisfy a condition precedent to coverage under the "Vacancy and Unoccupancy Clause" in the policy (the vacancy clause), which required Bierman to show that it had "used" the building for at least one of the 60 days preceding the day of the fire. Bierman argued in response that the vacancy clause was an exclusion from coverage, and that United Farm failed to meet its evidentiary burden to show that the exclusion applied.

After conducting a bench trial, the district court[2] declined to decide whether the vacancy clause was a condition precedent or an exclusion from coverage. The court held that, regardless which party bore the evidentiary burden, the evidence established that the building was being used for at least a portion of the 60 days in question, rendering the vacancy clause inapplicable. However, after entering judgment in favor of Bierman, the court denied Bierman's request for prejudgment interest.

---

[1] In the complaint, the plaintiff is identified as Bierman Family Farm LLC/King Mulch/King Farms. The relationship between these entities is discussed below. For clarity, we refer to these entities collectively as "Bierman."

[2] The parties consented to proceed before a magistrate judge. For clarity, we will refer to the magistrate judge as the district court throughout this opinion.

3

Upon our review, we conclude that the vacancy clause is an exclusion under the policy language, and that United Farm did not satisfy its burden to show that the exclusion applied under the evidence presented. We therefore affirm the district court's judgment in favor of Bierman. Separately, we conclude that the district court abused its discretion in denying Bierman's request for prejudgment interest.

I.

Bierman owns a warehouse in Maryland (the building) that was destroyed by fire on April 10, 2016. At that time, Bierman held a "special farm package" insurance policy issued by United Farm bearing a policy limit of $200,000. It is undisputed that the building was a covered structure under the policy, that the fire was a covered event, and that the building incurred more than $200,000 worth of damage.

At issue in this case is the vacancy clause in the policy, which provides:

> If a RESIDENCE or BUILDING covered under this policy is VACANT or UNOCCUPIED beyond a period of sixty (60) consecutive days, the applicable Limit of Liability for the RESIDENCE or BUILDING and the contents contained therein will be automatically reduced by 50%. BUILDINGS which are in a seasonal state of VACANCY or UNOCCUPANCY due to normal practices of FARMING operations are not considered VACANT or UNOCCUPIED.

The terms "unoccupancy" and "unoccupied" are defined in the policy as

> the condition of:

> a. a RESIDENCE not being lived in (a RESIDENCE being constructed is not considered UNOCCUPIED); or

> b. any other BUILDING or structure *not being used* (a BUILDING or structure being constructed is not considered UNOCCUPIED)

4

> even if it contains furnishings or other property customary to its intended use or occupancy.

(Emphasis added).  The terms "vacancy" and "vacant" are defined in the policy as

> the condition of a RESIDENCE or BUILDING:
>
> a.  *not containing sufficient furnishings* or other *property customary to its intended use or occupancy*; and
>
> b.  not being lived in.

(Emphasis added).   Reading these provisions together, United Farm was entitled to withhold 50% of the policy's liability limit if the building was not being "used" or did not contain "property customary to [the building's] intended use" for more than 60 consecutive days before the April 10, 2016 fire.

Shortly after the fire, Bierman submitted a claim to United Farm.  Its claims adjuster, Mark Dunk, concluded after an investigation that the building had been vacant or unoccupied for 60 consecutive days before the day of the fire.  Dunk's conclusion was based on: (1) his interview with Albert Bierman, the insured's owner; (2) Dunk's visual inspection of the building; (3) a report issued by a "cause and origin" investigator; and (4) a series of photographs coincidentally taken by a third party, Ferrell Santacroce, on April 4, 2016, less than a week before the fire.  Invoking the vacancy clause, United Farm denied full coverage for the loss and issued payment to Bierman in the amount of $105,000, representing 50% of the policy's liability limit, as well as $5,000 for debris removal.

After Bierman filed a complaint against United Farm in Maryland state court, United Farm removed the action to federal district court.  In the complaint, Bierman alleged

5

a single claim for breach of contract based on United Farm's refusal to pay the full policy limit of $200,000.

The district court held a two-day bench trial. Bierman argued that the building was used to store wooden pallets[3] owned by the insured, and presented the testimony of Albert Bierman and Sammy Pearson, another Bierman employee, as well as the deposition testimony of Brandon Ziska, a real estate agent. All three witnesses testified that they had visited the building at least once during the 60 days before the fire and had observed the stored pallets.

United Farm presented Dunk's testimony concerning his investigation of Bierman's claim and United Farm's decision to deny full coverage. Dunk did not dispute Bierman's initial representation that "a few stacks of pallets" had been stored in the building at the time of the fire but stated that he viewed this use as insufficient to overcome the vacancy clause. United Farm also offered the deposition testimony of Santacroce, the third-party photographer, whose photos purportedly showed that the building was not being used on April 4, 2016.

After hearing the evidence, the district court declined to determine whether the vacancy clause operated as a condition precedent or as an exclusion from coverage and, thus, did not decide which party bore the burden of showing whether the building was covered to the full policy limit of liability. Instead, the court focused on the testimony

---

[3] A pallet is a wooden "shipping instrument" that farmers use to transport their products.

addressing the 60-day period at issue and reasoned that the evidence did not support application of the vacancy clause regardless whether the clause was a condition precedent or an exclusion. In reaching this conclusion, the court emphasized that the record lacked any evidence that the building was vacant or unoccupied for 60 consecutive days preceding the day of the fire. Accordingly, the court entered judgment in favor of Bierman on the coverage question.

The district court later denied Bierman's request for prejudgment interest, concluding that the issue of United Farm's liability had presented a close question. United Farm now appeals from the court's judgment on the coverage determination, and Bierman cross-appeals from the court's denial of prejudgment interest.

## II.

On appeal, we review the district court's factual findings for clear error and its conclusions of law de novo. *Helton v. AT&T Inc.*, 709 F.3d 343, 350 (4th Cir. 2013). United Farm maintains that the vacancy clause was a condition precedent to coverage and, thus, that Bierman was required to prove that the building was occupied at least one day during the 60-day period before the fire. United Farm urges us to require "strict compliance" with this purported condition precedent, and to hold that Bierman failed to show that the building was in use for at least one of those 60 days.

Bierman argued before the district court that the vacancy clause operates as an exclusion from coverage, not as a condition precedent, and that United Farm failed to produce evidence limiting United Farm's liability under that clause. According to

7

Bierman, the evidence established that the building was in use on at least one of the 60 days before the day of the fire. We agree with Bierman's argument.

Under Maryland law, courts interpret the language of an insurance policy under ordinary principles of contract interpretation, viewing the policy as a whole based on the parties' chosen language. *Nationwide Mut. Ins. Co. v. Scherr*, 647 A.2d 1297, 1299-1300 (Md. Ct. Spec. App. 1994). When an insurance policy includes a condition precedent to coverage, the insurer does not have a duty to pay until that condition is satisfied. *See Hartford Fire Ins. Co. v. Himelfarb*, 736 A.2d 295, 300-02 (Md. 1999); *see also Chirichella v. Erwin*, 310 A.2d 555, 557 (Md. 1973) (a condition precedent is "a fact, other than mere lapse of time, which . . . must exist or occur before a duty of immediate performance of a promise arises" (citation omitted)).

The use of certain words in an insurance policy may signal that a policy term is a condition precedent. *See Chirichella*, 310 A.2d at 557. Notably, use of conditional language such as "if," "provided that," "when, after, as soon as, or subject to" may indicate the parties' agreement to such a condition. *Id.* (citation omitted). An insured bears the burden of showing that a condition precedent has been satisfied to establish a covered loss under a policy. *See Gohlinghorst v. Metro. Life Ins. Co.*, 8 A.2d 919, 921 (Md. 1939); 17A Steven Plitt et al., Couch on Ins. § 254:93 (3d ed. 2019).

By contrast, an exclusion in an insurance policy "excuses or exempts [the insurer] from liability under [specified] circumstances." *Black's Law Dictionary* 711 (11th ed. 2019). In practice, under Maryland law, an insurer can invoke an exclusion as an affirmative defense to coverage. *See Mut. Fire Ins. Co. of Calvert Cty. v. Ackerman*, 872

8

A.2d 110, 114 (Md. Ct. Spec. App. 2005). The insurer bears the burden of establishing that such an exclusion from coverage applies. *Id.*; 6A Couch on Ins. § 94.108.

Courts, including those interpreting Maryland law, generally treat vacancy or unoccupancy clauses as establishing exclusions from coverage, not as conditions precedent. *See*, *e.g.*, *Catalina Enters., Inc. Pension Tr. v. Hartford Fire Ins. Co.*, 67 F.3d 63 (4th Cir. 1995) (construing vacancy clause under Maryland law as an exclusion); *Ackerman*, 872 A.2d at 114 ("Condition in fire policy suspending or restricting insurance in case of vacancy or unoccupancy is a special limitation or exclusion, not a condition precedent, and insurer had burden of proof[.]" (quoting 6A Couch on Ins. § 94:108)).

The language of the present vacancy clause is consistent with this case law. By its plain language, the vacancy clause establishes an exclusion limiting coverage when the covered structure remains vacant or unoccupied for more than 60 consecutive days before the covered event. Most notably, the vacancy clause is structured to "reduce" the limit of liability in the event of such a period of vacancy or unoccupancy. The use of the phrase "applicable Limit of Liability . . . will be . . . *reduced*" (emphasis added) strongly indicates that the full policy limit applies *unless* an identified circumstance triggers the exclusion. By their use of this language, the parties contemplated that the building would not be vacant or unoccupied for more than 60 consecutive days before a covered event and permitted a reduction in coverage only if the evidence demonstrated otherwise.[4]

---

[4] While the vacancy clause appears in a section of the policy titled "Property Conditions," rather than in the section titled "General Policy Exclusions," those section titles are not dispositive of our analysis and must be read in the context of the entire policy.

Throughout the policy, the language chosen by the parties shows that they intended to insure the building for use in the insureds' farming and other businesses, not as a vacant property. *See Catalina Enters.*, 67 F.3d at 67 (looking to the "broader intention of the parties" to determine whether a policy insured a vacant building); *United Servs. Auto. Ass'n v. Riley*, 899 A.2d 819, 833 (Md. 2006) (evaluating parties' intent based on "the character of the contract, its purpose, and the facts and circumstances of the parties" (citation omitted)). The policy defines "building" as a "structure *used* in [the insureds'] covered BUSINESS or FARMING operations," and describes the property in question as a "storage building" (emphasis added). The vacancy clause applies to such "buildings," and exempts from the clause's application vacancy or unoccupancy due to seasonal variations in the "normal practices of FARMING operations." Considering the vacancy clause in this broader context, the parties plainly intended that the vacancy clause operate as an exception to the general rule of full coverage. *See United Servs.*, 899 A.2d at 833.

This conclusion is consistent with general insurance principles, which recognize that vacant and unoccupied buildings pose increased risks from fire. It is more likely that

---

*See Harleysville Preferred Ins. Co. v. Rams Head Savage Mill, LLC*, 187 A.3d 797, 806-07 (Md. Ct. Spec. App. 2018) (insurance policies must be construed "as a whole" (citation omitted)). Crucially, the "General Policy Exclusions" section completely bars coverage under the listed circumstances, in contrast to the partial reduction in coverage established by the vacancy clause. Additionally, the title "Property Conditions" cannot be read as establishing conditions precedent to coverage in all the numerous subsections that follow. *See Himelfarb*, 736 A.2d at 300-01 (explaining that "the term 'conditions' in the introduction to" a section of the policy did not necessarily establish conditions precedent, but instead "must be read compatibly with [the section] in its entirety.").

"potential fire hazards will remain undiscovered" in a vacant or unoccupied building, and that a fire will burn undetected and cause greater damage. *Catalina Enters.*, 67 F.3d at 66. Because of these increased risks, insurers charge higher premiums to cover vacant and unoccupied buildings. *Id.* Here, however, nothing in the policy indicates that the parties intended for the property to be in a default state of vacancy or unoccupancy. Accordingly, we hold that the parties intended that the vacancy clause operate as an exclusion from coverage if the building was not used as intended.[5]

Because the vacancy clause is an exclusion under the policy language, United Farm had the burden of proving that the clause was applicable under the evidence presented. *Ackerman*, 872 A.2d at 114. Based on the evidence presented at trial and the district court's factual findings, we conclude that United Farm failed to satisfy this burden. The evidence was uncontradicted that the building was being used for pallet storage to support Bierman's farming operations during at least part of the 60-day period before the day of the fire. The district court relied on the testimony of the plaintiff's witnesses Albert Bierman, Pearson, and Ziska. All these witnesses had been physically present at the building at various times in February and March 2016, and they all had observed pallets being stored there during the 60-day window preceding the fire. Bierman also produced

---

[5] We also reject United Farm's assertion that the pallets stored in the building were owned by King Pallet, Inc., which is not a named insured, and thus that storage of those pallets did not qualify as "intended use" or "occupancy" for purposes of the vacancy clause. The district court found that King Pallet operated under the trade names King Mulch and King Farms, which are named insureds under the policy, and that all proceeds from these entities ultimately went to Bierman. The court also found that pallets are "one of the tools necessary to produce and market" goods related to Bierman's farming operations. We conclude that these factual findings were not clearly erroneous. *Helton*, 709 F.3d at 350.

11

documentation substantiating Pearson's testimony that he had obtained a number of pallets from the building in late February for delivery to a customer.

United Farm did not present evidence controverting these facts. Dunk acknowledged that Albert Bierman had stated in his initial interview that pallets were in the building at the time of the fire, and that Dunk had no information contradicting this statement. The district court declined to give significant weight to Santacroce's photographs, or to her statement that she did not remember seeing any pallets during her visit to the building on April 4, 2016, given that she was not looking for pallets at that time. Moreover, Santacroce's photographs reflected the status of the building on only a single day and did not show that the building had been vacant or unoccupied for each of the 60 consecutive days preceding the day of the fire, as required by the vacancy clause.

We decline to re-weigh the evidence or to question the district court's credibility findings, which plainly were supported by the evidence. *See Helton*, 709 F.3d at 350. We therefore hold that United Farm did not carry its burden to show that the vacancy clause applied, and that the district court accordingly did not err in entering judgment in favor of Bierman.

III.

We turn to consider Bierman's cross-appeal of the district court's order denying prejudgment interest. We review this decision for abuse of discretion. *G ex rel. RG v. Fort Bragg Dependent Schs.*, 343 F.3d 295, 311 (4th Cir. 2003).

Bierman argues that it was entitled to prejudgment interest "as a matter of right" because United Farm wrongfully denied full payment on the insurance claim. In Bierman's view, United Farm's obligation to pay an amount certain was fixed on the date that the claim was wrongfully denied, April 18, 2016, given the absence of any evidence to support application of the policy exclusion.

In response, United Farm asserts that the denial of prejudgment interest was a decision within the district court's sound discretion. United Farm contends that the court did not abuse that discretion because the insurer's obligation to pay was not certain under the facts presented. We disagree with United Farm's position.

The purpose of prejudgment interest is to compensate a prevailing party for the loss of a liquidated amount due and the income that could have been derived from use of those funds. *Selective Way Ins. Co. v. Nationwide Prop. & Cas. Ins. Co.*, 219 A.3d 20, 52 (Md. Ct. Spec. App. 2019). Under Maryland law, prejudgment interest

> is allowable as a matter of right when the obligation to pay and the amount due had become certain, definite, and liquidated by a specific date prior to judgment so that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date.

*Ver Brycke v. Ver Brycke*, 843 A.2d 758, 777-78 (Md. 2004) (citation and internal quotation marks omitted). However, when there is "a legitimate dispute as to the obligation to pay," a claimant no longer has "an absolute right to interest" and the decision whether to award such interest rests within the discretion of the factfinder. *Gordon v. Posner*, 790 A.2d 675, 698 (Md. Ct. Spec. App. 2002).

13

We conclude that Bierman was entitled to prejudgment interest as a matter of right. United Farm's obligation to pay the remaining 50% of the policy's liability limit was "certain, definite, and liquidated by a specific date." *Ver Brycke*, 843 A.2d at 777 (citation omitted). United Farm's contention that the vacancy clause was a condition precedent to coverage was supported neither by the case law, nor by the policy language. And United Farm did not produce any evidence showing that the building was vacant or unoccupied for the 60 consecutive days preceding the fire, as required by the vacancy clause. Additionally, as the district court observed, "[t]here was no significant investigation conducted to support partial denial of th[e] claim." Accordingly, United Farm's position in this litigation did not represent "a legitimate dispute as to the obligation to pay." *Gordon*, 790 A.2d at 698. We therefore remand the case for an award of prejudgment interest to Bierman from April 18, 2016.[6]

## IV.

For these reasons, we affirm the district court's entry of judgment in favor of Bierman. However, we reverse the court's order denying prejudgment interest and remand the case for an award of such interest.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[6] We grant United Farm's motion to strike Bierman's appellate reply brief, which is not "limited to the issues presented by the cross-appeal," as required by Federal Rule of Appellate Procedure 28.1(c)(4).

14